JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276
BENSON & BINGHAM
11441 Allerton Park Dr., Suite 100
Las Vegas, NV 89135
litigate@bensonbingham.com
(702) 382-9797, telephone
(702) 382-9798 facsimile
Attorney for Plaintiff



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN RODRIGUEZ, | CASE NO.: 2:21-cv-01111-JCM-BNW |
| Plaintiff, | |
| vs. | |
| JAMES RIVER INSURANCE COMPANY; DOES 1 through 5; and ROE CORPORATIONS 1 through 5, inclusive, | |
| Defendants. | **SPECIAL SCHEDULING REVIEW REQUESTED** |

## JOINT DISCOVERY ORDER AND SCHEDULING ORDER

The Parties, through their undersigned counsel, submit the following Discovery Plan and Scheduling Order pursuant to the requirements of FRCP 26 and LR 26-1. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day. The Parties respectfully request the Court's approval to deviate from the default areas of Local Rule 26-(b) to account for current delays associated with the Global Pandemic of COVID-19 and the complexities with obtaining medical records from multiple providers and the surgery that Plaintiff alleges is from the subject accident.

1. **Meeting**: Pursuant to FRCP 26(f), a meeting was held on July 12, 2021, and was attended telephonically, by Joseph Benson, II, Esq. of Benson and Bingham, counsel for Plaintiff and Caryn R. Schiffman, Esq. of Bremer Whyte Brown & O'Meara, counsel for Defendant.

1

207,163

2. **Pre-Discovery Disclosures:** Pursuant to FRCP 26(a) Disclosures: Plaintiff produced his initial document production on July 1, 2021. Defendant will produce their initial document production within fourteen days of the LR 26-1 conference.

3. **Areas of Discovery:** The Parties agree that areas of discovery should include but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. **Discovery Plan:** Discovery in this matter will be hindered by COVID-19 and the repercussions from the global pandemic. While this case is not unique during these unprecedented times, the global pandemic has created delays in obtaining medical records and scheduling depositions and potentially scheduling an IME. As a result, the Parties propose the following discovery plan:

A. **Discovery Cut-Off Date(s):** Discovery in this matter will cut off 12 months from the date of the first appearance of any Defendant, which is June 21, 2021 [ECF No. 5], such that discovery closes on June 21, 2022.

B. **Amending the Pleadings and Adding Parties:** The Parties shall have until Wednesday, March 23, 2022, to file any motions to amend the pleadings or to add parties. This is 90 days before the close of discovery.

C. **FRCP 26(a)(2) Disclosure of Experts:** Disclosure of experts shall proceed according to FRCP 26(a)(2) and LR 26-1(e)(3) as follows: the disclosure of experts and their reports shall occur on or before Friday, April 22, 2022. The disclosure of rebuttal experts and their reports shall occur on or before Tuesday, May 24, 2022.

D. **Dispositive Motions:** The Parties shall have until Thursday, July 21, 2022, to file dispositive motions. This is 30 days after the close of discovery.

2

207,163

E. **Pretrial Order:** The Parties will prepare the joint pretrial order on or before August 22, 2022,[1] which is not more than 30 days after the date set for filing dispositive motions in this case as required by LR26-1(e)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pre-trial order.

F. **Court Conferences:** If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

G. **Extension or Modifications of the Discovery Plan and Scheduling Order:** LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made not later than May 31, 2022, 21 days before the discovery cut-off date.

H. **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

…

…

---

[1] The deadline fell on Saturday August 20, 2022, and as a result was continued to the next business day.

3

I. **Alternative Dispute Resolution:** The Parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and early neutral evaluation.

J. **Alternative Forms of Case Disposition:** The Parties certify that they considered consent to trial by a magistrate Judge under 28 U.S.C. § 636(c), F.R.C.P. 73, and the use of the Short Trial Program (General Order 2013-01), however, the Parties have decided against such use and require a traditional jury trial.

K. **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

**IT IS SO STIPULATED.**

DATED this 13th day of July, 2021.              DATED this 14th day of July, 2021.

Benson & Bingham                                Bremer Whyte Brown & O'Meara, LLP

 /s/ Joseph L. Benson II                         /s/ Caryn R. Schiffman
Joseph L. Benson II, Esq.                       Lucian J. Greco, Jr., Esq.
Nevada Bar No. 7276                             Nevada Bar No. 10600
Attorney for Plaintiff                          Jared G. Christensen, Esq.
                                                Nevada Bar No. 11538
                                                Caryn R. Schiffman, Esq.
                                                Nevada Bar No. 14610

### Order

IT IS ORDERED that the parties' proposed discovery plan and scheduling order ("DSPO") is DENIED.  The parties seek 1 year of discovery.  The Court rarely grants such lengthy discovery periods at the outset of a case.  Further, the Court in its discretion finds that the parties have failed to show good cause for such a lengthy departure from the standard 180-day discovery period set forth in the Local Rules.  Instead, the parties offer only generalized concerns about the delays caused by COVID-19.  Further, the parties' stated concerns about obtaining medical records are similarly generalized and insufficient to support good cause.  IT IS THEREFORE ORDERED that a new proposed DPSO is due by 7/30/2021.  The parties may seek an additional 60 days over the standard 180-day discovery schedule.

**IT IS SO ORDERED**

**DATED:** 5:36 pm, July 21, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

207,163

4